Brinkerhoff, J.
This is a petition in error, seeking to reverse the judgment of the district court of Warren county. On the 3d of September, 1852, the defendants in error, plaintiffs below, then being minors, by their guardian, brought their action of trespass on the case against the plaintiff in error in the common pleas of Warren county.
Several issues of fact were made in the case, which it is not necessary particularly to notice. The case having been appealed to the district court, was there tried, and the plaintiffs below had a verdict for $841. A motion for a new trial having been made, on the ground, among others, that the court erred in its charge to the jury, the same was overruled, and judgment entered on the verdict.
The record discloses substantially the following case:
The plaintiffs below are the owners in fee of a farm of some two hundred acres, situate in Warren county, which they inherited from their father, Moses Whitacre, deceased. During the lifetime of Moses Whitacre, and while he was in possession, the railroad company entered upon, and laid out its railroad across the farm, and partially graded the track. After the death of Moses Whitacre, the company completed the construction of its road across the farm, and has ever since used and occupied the same for the purposes of a railroad. All this has been done without the consent of Moses Whitacre, in his lifetime, or of his heirs since his death; and without any compensation for the right of way appropriated, or damages by reason thereof, being paid or tendered by the company; and without any measures having been instituted at any time, *592 either by the company or by Moses "Whitacre or his heirs, under the provisions of the company’s act of incorporation, legally to ascertain the amount of such compensation or damage.
The provisions of the company’s act of incorporation, (84 O. L. 404), on the subject of compensation for right of way, etc., are as follows:
“Sec. 11, The'corporation is hereby empowered to purchase, receive and hold such real estate as may be necessary and convenient in accomplishing the object for which the corporation is granted; and may, by their agents, engineers and surveyors, enter upon such route, place or places selected, as aforesaid, by the directors, as the line whereon to construct the said railroad; and it shall be lawful for the said corporation to enter upon and take possession of and use all such lands and real estate, as may be indispensable for the construction and maintenance of said railroad, and the accommodations requisite to and appertaining unto them; and may also receive, hold and take all such voluntary grants and donations of land and real estate, as may be made to said corporation, to aid in the construction, maintenance, or accommodation of said road or ways; but all lands or real estate thus entered upon and used by said corporation, and all earth, timber, gravel, and other materials needed by said company, shall be purchased of the owners thereof, at a price to be mutually agreed upon between them; and in case of disagreement of the owner as to the price of any lands or materials so required for said road, or if the owners are under any disability, in law, to contract, or are absent from the county, application may be made, cither by said owners, or by said corporation, to any judge of the court of common pleas within which said lands or materials may lie, specifying the lands or materials, so required, or already appropriated; and thereupon said judge shall issue his warrant, in writing, directed to the sheriff of the county, requiring him to summon an inquest of three freeholders of the county, who shall not be stockholders, nor interested therein, to appear at, or near said land or materials to be valued, on a day named in said warrant, not less than five, nor more than ten days after issuing the same; and if any of the persons do not attend, the said sheriff shall forthwith summon as many as may be necessary to fill said inquest; and the persons so impanneled, shall, on their oaths or affirmations, value the damages which the several owners will sustain by the use or occupation of the lands or materials, or property required by said company, having due regard to the benefit such owners may derive from the location and structure of said road; and said inquest shall reduce their valuation to writing, and such valuation, when paid or tendered to said owners, or deposited in any bank to their credit, or their proper representatives, shall entitle said company to the materials, use and occupation of said lands, for the purpose of said road; and all estate and interest therein, as fully as if it had been conveyed by the owners of the same,” etc.
On the trial of the case in the district court, the court charged the jury,
*593 “ That although the plaintiffs would not he entitled to recover for any act or injury committed upon the premises in question during the lifetime of the said Moses Whitacre ; yet under the declaration and pleadings in this cause, if the jury believe from the evidence in the case, that the original entry and taking possession of the land, and the constructing of the embankments aforesaid, and the making of the excavations, grading, etc., by the defendants, were done in the lifetime of Moses Whitacre, and without his license and consent, the plaintiffs, as heirs, were entitled to recover damages in this action, under the declaration for the mere continuance by the defendant in the occupancy and possession of that part of the premises used and occupied by its road, and the obstruction and annoyance to the plaintiffs in their use of the remainder of their farm.”
This charge of the court was excepted to, and is now assigned for error.
By a reference back to the section of tbe company’s charter above quoted, it will be seen that the act of incorporation directs a particular mode of procedure, by which either the company or the. owner of land may obtain a valuation and assessment of the amount of compensation and damages to which the owner of land is entitled on account of its appropriation by the company to its use; and this provision of the act of incorporation, and the charge of the court below complained of, raises the question, whether the mode of proceeding provided by the statute, is exclusive of common law remedies, or cumulative only ?
The rulé on this subject is thus stated in Pierce on Am. R. Law 224: “Where the legislature, in the constitutional exercise of the right of eminent domain, authorizes an act, the necessary consequence of which is to injure the property of another, and, at the same time, prescribes the particular mode in which the damages shall be ascertained and compensated, giving to the injured party the right to put the same in motion, the person or corporation acting under such authority, and within the scope thereof, is not a wrong-doer, nor liable to an action for a tort, but must be proceeded against under the statute remedy.” This rule is recognized by Avery, J., in Akron v. McComb, 18 Ohio Rep. 232-3, and is sustained by the general current of adjudicated cases.
*594 We think, therefore, that the court below did err in its charge to the jury, for which reason the judgment must be reversed.
There are other assignments ■ of error in the case; but as our holding upon the point above determined seems to go to the foundation of the action, it is unnecessary to pass upon them.

Judgment reversed and cause remanded.

Scott, Sutlipp, and Peck, JJ., concurred.
Swan, C. J., did not sit in this case.